UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Jane Doe,<br><br>Plaintiff,<br><br>vs.<br><br>Wells Fargo Bank, N.A. and Wells Fargo & Company,<br><br>Defendants. | Civil File No.: 26-cv-15<br><br><br>**DEFENDANTS' NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that Defendants Wells Fargo Bank, N.A. and Wells Fargo & Company (collectively, "Wells Fargo" or "Defendants"), by and through their counsel of record, hereby file this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446. In support of their Notice of Removal, Wells Fargo states as follows:

### III.    THE STATE COURT ACTION

16.    On July 13, 2025, Plaintiff filed a Complaint in the District Court for the Second Judicial District, County of Ramsey. Wells Fargo has never been served with the July 13, 2025 Complaint.

17.    On December 10, 2025, Plaintiff filed an Amended Complaint in the District Court for the Second Judicial District, County of Ramsey. Wells Fargo was served with the Amended Complaint on December 11, 2025.

18.    Attached hereto as **Exhibit A** is a true and correct copy of Plaintiff's original Complaint and two exhibits filed in the District Court for the Second Judicial District, County of Ramsey.

4929-8922-5050

19.     Attached as **Exhibit B** is a true and correct copy of the documents served on Wells Fargo on December 11, 2025. These include an Amended Civil Summons, Amended Complaint, Notice of Case Filing and Assignment, Subpoena, and Motion to Proceed Under a Pseudonym. Only the Notice of Case Filing and Assignment and Motion to Proceed Under a Pseudonym bear a case filing stamp.

20.     Attached as **Exhibit C** is a true and correct copy of a Scheduling Order filed on December 23, 2025.

21.     The Ramsey County District Court docket shows two Amended Summons and Complaint documents filed on December 10, 2025. These documents are not available for public access and therefore Defendants cannot determine whether the Amended Complaint served on them is the same as the Amended Complaints filed in the Ramsey County District Court.

22.     Because Plaintiff was proceeding under the pseudonym Jane Doe in Ramsey County District Court, Defendants have redacted Plaintiff's name from Exhibits A and B. However, Defendants do not believe that Plaintiff's asserted reasons for proceeding pseudonymously in Ramsey County District Court meet the standard for proceeding pseudonymously in this Court. And Defendants do not agree Plaintiff should be permitted to proceed pseudonymously in this Court.

23.     The Ramsey County District Court docket lists various orders including: an Order Denying Fee Waiver on October 15, 2025; an Order Granting Fee Waiver on November 20, 2025; and an Order-Other on November 20, 2025. These documents were not provided to Defendant and are not available for public access.

4929-8922-5050

24.     No other pleadings or orders have been filed in the District Court for the Second Judicial District, County of Ramsey.

25.     Pursuant to 28 U.S.C. § 1446(b)(1) and *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), Defendants have timely removed this action because this Notice of Removal is filed within 30 days of Wells Fargo's receipt of service of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

## IV.     REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL JURISDICTION UNDER 28 U.S.C. § 1331

11.     Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

12.     Plaintiff's Complaint asserts claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* (*See* Ex. B, Am. Compl. ¶ 2.) The Court has original jurisdiction over these claims because they arise under the laws of the United States. *See* 28 U.S.C. § 1331.

13.     The Court may exercise supplemental jurisdiction over Plaintiff's remaining state law claims because they are so related to the federal claims in the action that they form part of the same case or controversy. *See* 28 U.S.C. § 1367(a). Each of Plaintiff's state law claims, like her federal claims, relate to allegations of discriminatory or retaliatory conduct in Plaintiff's employment or otherwise arise out of Plaintiff's employment with Defendants.

4929-8922-5050

14.     Because the Court may exercise original or supplemental jurisdiction over each of Plaintiff's claims, this action is removeable to this Court under 28 U.S.C. § 1441(a).

## V.     REMOVAL IS ALSO PROPER BECAUSE DIVERSITY JURISDICTION EXISTS

15.     Although removal is proper because the Court has original jurisdiction, removal is also proper because diversity jurisdiction exists.

16.     Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

17.     In this case, both the "diversity" and "amount in controversy" requirements are met.

18.     At the time this action commenced, Plaintiff was and currently remains a citizen and resident of the State of Minnesota. (Ex. B, Compl. ¶ 4.)

19.     Wells Fargo Bank, N.A. was at the time this action was commenced and remains a federally chartered National Banking Association that is organized and exists under the National Banking Act, with its Main Office, as set forth in its Articles of Association, in the State of South Dakota.

20.     Wells Fargo & Company was at the time this action was commenced and remains a Delaware corporation with its principal place of business located in San Francisco, California.

4

4929-8922-5050

21.    Because Plaintiff is a Minnesota resident, Defendant Wells Fargo Bank N.A. is a South Dakota resident, and Defendant Wells Fargo & Company is a Delaware and California resident, this case is "between citizens of different states."

22.    Plaintiff alleges she has "suffered lost wages, emotional distress, exacerbation of medication conditions, and other damages." (Ex. B, Am. Compl. ¶ 23; *see also* ¶¶ 28, 32, 36, 40, 45, 50, 54.)

23.    Plaintiff seeks the following relief: back pay, front pay, and lost benefits; compensatory damages for emotional distress, pain and suffering, and other non-economic losses; punitive damages; and pre- and post-judgment interest. (*Id.*, "Prayer for Relief.")

24.    At the time of her termination, Plaintiff was paid an annual base salary of $29/hour.

25.    Assuming she worked full-time (as she had prior to her employment being terminated), it is reasonable to assume that by the time of trial, 18 months after serving her Amended Complaint, Plaintiff would have accrued at least $175,000 in back pay and lost benefits. *See Clark Matthews Intern. Corp.*, 639 F.3d 391, 396 (8th Cir. 2011) (stating that the "relevant period" for purposes of calculating lost wages is until date of reinstatement or judgment). This figure does not include the other compensatory damages to which Plaintiff claims she is entitled.

26.    Plaintiff also seeks emotional distress damages. These damages alone could exceed $75,000.

27.     Based on Plaintiff's allegations and relief sought, Defendant has a good faith belief that the amount in controversy, exclusive of interest and costs, exceeds $75,000. *See* § 1446(c)(2)(A)(i).

28.     Because this action is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

## VI.     CONCLUSION

29.     Based upon the allegations in Plaintiff's Complaint, the proper venue for removal of this action is to the United States District Court for the District of Minnesota because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

30.     In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders provided to Wells Fargo in this action are attached as **Exhibits A-C** and are incorporated herein by reference.

31.     In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal has been filed with the Clerk of the District Court for the Second Judicial District, County of Ramsey, and is being served on all adverse parties.

WHEREFORE, Defendant Wells Fargo Bank, N.A. and Defendant Wells Fargo & Company hereby request that the above-entitled action is removed from the District Court for the Second Judicial District, County of Ramsey, to the United States District Court for the District of Minnesota.

4929-8922-5050

NILAN JOHNSON LEWIS PA

Dated: January 2, 2026

By: *s/ Sara L. Lewenstein*
    Joseph G. Schmitt (Reg. No. 231447)
    Sara L. Lewenstein (Reg. No. 0400160)
    250 Marquette Avenue South, Suite 800
    Minneapolis, Minnesota 55401
    Telephone: (612) 305-7500
    Fax: (612) 305-7501
    jschmitt@nilanjohnson.com
    slewenstein@nilanjohnson.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and served the individual listed below by electronic mail and U.S. Mail, directed to her at her last-known addresses at:

Jane Doe
1711 Main Street NW
Coon Rapids, MN 55448
Steph1m@hotmail.com

Dated:   January 2, 2026

*s/ Sara L. Lewenstein*
Sara L. Lewenstein

7

4929-8922-5050