# EXHIBIT B



# Notice of Service of Process

**TMM / ALL**
**Transmittal Number:** 32883720
**Date Processed:** 12/12/2025

| | |
|---|---|
| **Primary Contact:** | WF West - WF Bank<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |
| **Entity:** | Wells Fargo & Company<br>Entity ID Number  1915501 |
| **Entity Served:** | Wells Fargo Bank, N.A., and Wells Fargo & Company |
| **Title of Action:** | Jane Doe vs. Wells Fargo Bank, N.A. |
| **Matter Name/ID:** | Jane Doe vs. Wells Fargo & Company (18248326) |
| **Document(s) Type:** | Summons and Amended Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Ramsey County District Court, MN |
| **Case/Reference No:** | 62-CV-25-5727 |
| **Jurisdiction Served:** | Minnesota |
| **Date Served on CSC:** | 12/11/2025 |
| **Answer or Appearance Due:** | 14 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | |
| **Client Requested Information:** | Matter Management User Groups: [LITIGATION Employee]<br>Routing Rules (CSC): R0710<br>Classification: Standard |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com



| State of Minnesota | District Court | |
|---|---|---|
| County of Ramsey | Judicial District: | Second |
| | Court File Number: | 62-CV-25-5727 |
| | Case Type: | Employment - Wrongful Termination |

Jane Doe,

Plaintiff

vs

**Amended Civil Summons**

Wells Fargo Bank, N.A.,

and Wells Fargo & Company,

Defendant

---

This Summons is directed to

WELLS FARGO BANK, N.A.,
and WELLS FARGO & COMPANY,
c/o Registered Agent
    Corporation Service Company
    2750 Snelling Avenue North, Suite 101
    Roseville, MN 55113

---

1.    **You are being sued.** The Plaintiff has started a lawsuit against you. The *Complaint* is attached to this *Summons*. Do not throw these papers away. They are official papers that start a lawsuit and affect your legal rights, even if nothing has been filed with the court and even if there is no court file number on this *Summons*.

2.    **You must BOTH reply, in writing, AND get a copy of your reply to the person/business who is suing you within 21 days to protect your rights.** Your reply is called an *Answer*. Getting your reply to the Plaintiff is called service. You must serve a copy of your *Answer or Answer and Counterclaim* (Answer) within 21 days from the date you received the *Summons* and *Complaint*.

ANSWER: You can find the *Answer* form and instructions on the MN Judicial Branch website at www.mncourts.gov/forms under the "Civil" category. The instructions will explain in detail how to fill out the *Answer* form.

3.  **You must respond to each claim.** The *Answer* is your written response to the Plaintiff's *Complaint*. In your *Answer* you must state whether you agree or disagree with each paragraph of the *Complaint*. If you think the Plaintiff should not be given everything they asked for in the *Complaint*, you must say that in your *Answer*.

4.  SERVICE: **You may lose your case if you do not send a written response to the Plaintiff.** If you do not serve a written *Answer* within 21 days, you may lose this case by default. You will not get to tell your side of the story. If you choose not to respond, the Plaintiff may be awarded everything they asked for in their *Complaint*. If you agree with the claims stated in the *Complaint*, you don't need to respond. A default judgment can than be entered against you for what the Plaintiff asked for in the *Complaint*.

    To protect your rights, you must serve a copy of your *Answer* on the person who signed this *Summons* in person or by mail at this address:

    Jane Doe (███████████ proceeding under pseudonym with court approval)
    1711 Main Street NW
    Coon Rapids, MN 55448

5.  Carefully read the Instructions (CIV301) for the *Answer* for your next steps.

6.  **Legal Assistance.** You may wish to get legal help from an attorney. If you do not have an attorney and would like legal help:

    - Visit www.mncourts.gov/selfhelp and click on the "Legal Advice Clinics" tab to get more information about legal clinics in each Minnesota county.
    - Court Administration may have information about places where you can get legal assistance.

**NOTE: Even if you cannot get legal help, you must still serve a written *Answer* to protect your rights or you may lose the case.**

7.  **Alternative Dispute Resolution (ADR).** The parties may agree to or be ordered to participate in an ADR process under Rule 114 of the Minnesota Rules of Practice. You must still serve your written *Answer,* even if you expect to use ADR.

8-6-25
_____
Date

▮
_____
Signature

Civil Summons

| State of Minnesota | | District Court |
|---|---|---|
| County of Ramsey | Judicial District: | Second |
| | Court File Number: | 62-CV-25-5727 |
| | Case Type: | Employment - Wrongful Termination |

# Confidential Case

Jane Doe,

Plaintiff

vs

**Amended Complaint**

Wells Fargo Bank, N.A.,

and Wells Fargo & Company,

Defendant

---

Plaintiff Jane Doe ("Plaintiff"), Prose, for her Complaint against Defendants Wells Fargo Bank, N.A. and Wells Fargo & Company (collectively "Wells Fargo" or "Defendants"), alleges as follows:

1. Plaintiff worked for Wells Fargo as a Senior Resolution Specialist, in its Wholesale/ Commercial group, while holding three other positions prior, from November 21, 2011 until her wrongful termination on July 17, 2024.

JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over Plaintiff's claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.; and the Minnesota Human Rights Act ("MHRA"), Minn. Stat. § 363A.01 et seq.

1

3. Venue is proper in Ramsey County pursuant to Minn. Stat. § 542.09 because Plaintiff's cause of action arose in Ramsey County and Defendants maintain offices and do business in Ramsey County.

PARTIES

4. Plaintiff Jane Doe is a resident of Coon Rapids, Anoka County, Minnesota. During her tenure at Wells Fargo, Plaintiff suffered from multiple disabilities, including posttraumatic stress disorder ("PTSD"), attention-deficit/hyperactivity disorder ("ADHD"), generalized anxiety disorder, major depressive disorder, autism spectrum disorder (mild), severe sleep apnea, insomnia and related conditions.

5. Defendant Wells Fargo Bank, N.A. is a national banking association with its principal place of business in Sioux Falls, South Dakota, and maintains regional offices and employees in Ramsey County, Minnesota.

6. Defendant Wells Fargo & Company is a California corporation and the parent company of Wells Fargo Bank, N.A., responsible for corporate policies affecting Plaintiff.

FACTUAL BACKGROUND

7. In March 2020, due to COVID-19, Plaintiff began working from home.
8. In April 2022, Wells Fargo imposed a hybrid return-to-office ("RTO") schedule (one week in office, one week remote). Plaintiff requested accommodations – a quiet workspace, low traffic area or continued remote work – due to her neurodivergent conditions; management made only temporary, inadequate seating changes.
9. In November–December 2023, Plaintiff submitted medical documentation supporting continued telework to accommodate her disabilities. Human Resources denied renewal of the work-from-home accommodation.
10. In December 2023, Plaintiff was issued a formal disciplinary warning based on a coworker's complaint of "tone." The write-up cost Plaintiff her annual pay increase.
11. From January through May 2024, Plaintiff's direct manager, Cassie Eason, subjected Plaintiff to a hostile work environment, including:

    a. Gaslighting remarks about Plaintiff's communication style (highlighting or bolding internal text to manage ADHD).
    b. Public reprimands in team chats and one-on-one meetings demanding admission of fault without explanation.
    c. Micromanagement and unjustified subjective demerits recorded in Plaintiff's personnel file.

12. On June 4, 2024, after a medical procedure, Plaintiff provided a doctor's note excusing work. Eason refused to accept it, calling it "unlawful," and required continued in-office attendance.
13. In June 2024, her manager moved her desk to the head of the row where Plaintiff's designated quiet workspace was selected in advance, in order to monitor and harass her.
14. On July 17, 2024, while Plaintiff was working remotely, Eason and her supervisor, Andrew Jepson, informed Plaintiff by phone that her employment was terminated for "everything". No specifics were provided.
15. Weeks later, Plaintiff received a termination letter reinforcing "Professionalism-Inappropriate Conduct" as the reason. Plaintiff was replaced by a significantly younger individual (the spouse of a teammate).
16. Throughout 2023, Plaintiff's mid-year and year-end performance reviews rated her work as "meets expectations" or better, with no documented performance deficiencies.
17. Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission, received a Notice of Right to Sue, and has complied with all conditions precedent to bringing this action.

## CAUSES OF ACTION

## COUNT I – DISABILITY DISCRIMINATION (ADA, MHRA)

18. Plaintiff incorporates paragraphs 1–17.
19. Plaintiff is a qualified individual with disabilities under the ADA, 42 U.S.C. § 12102(1), and the MHRA, Minn. Stat. § 363A.03, subd. 3.
20. Plaintiff requested reasonable accommodations (telework, quiet workspace), supported by medical documentation.

21. Defendants denied those accommodations and treated Plaintiff adversely because of her disabilities.
22. Defendants' actions constitute disparate treatment and failure to accommodate in violation of 42 U.S.C. § 12112(a)–(b) and Minn. Stat. § 363A.08.
23. As a direct and proximate result, Plaintiff suffered lost wages, emotional distress, exacerbation of medical conditions, and other damages.

COUNT II – AGE DISCRIMINATION (ADEA, MHRA)

24. Plaintiff incorporates paragraphs 1–17.
25. Plaintiff was over 40 years old at all relevant times and is protected under the ADEA, 29 U.S.C. § 631(a), and the MHRA, Minn. Stat. § 363A.08, subd. 2.
26. Defendants replaced Plaintiff with a substantially younger individual, demonstrating a preference for younger employees.
27. Defendants' actions constitute disparate treatment on the basis of age.
28. As a direct and proximate result, Plaintiff suffered lost wages, emotional distress, and other damages.

COUNT III – RETALIATION (ADA, ADEA, MHRA)

29. Plaintiff incorporates paragraphs 1–17.
30. Plaintiff engaged in protected activity by requesting accommodations and opposing discrimination.
31. Defendants subjected Plaintiff to disciplinary action, hostile treatment, and ultimate termination in retaliation for her protected activity, in violation of 42 U.S.C. § 12203(a), 29 U.S.C. § 623(d), and Minn. Stat. § 363A.15.
32. As a direct and proximate result, Plaintiff suffered lost wages, emotional distress, and other damages.

COUNT IV – WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

33. Plaintiff incorporates paragraphs 1–17.

34. Minnesota recognizes a public-policy exception to the at-will doctrine when discharge violates a clear mandate of public policy. Phipps v. Clark Oil & Refining Corp., 396 N.W.2d 588 (Minn. 1987).
35. Defendants terminated Plaintiff for seeking statutorily protected accommodations and complaining of discrimination, actions favoring illegality over public policy.
36. As a direct and proximate result, Plaintiff suffered lost wages, emotional distress, and other damages.

COUNT V – BREACH OF IMPLIED EMPLOYMENT CONTRACT

37. Plaintiff incorporates paragraphs 1–17.
38. Plaintiff's 12½-year record of satisfactory service, Wells Fargo policies promising fair treatment, and performance reviews created an implied contract limiting termination to just cause. Pine River State Bank v. Mettille, 333 N.W.2d 622 (Minn. 1983).
39. Defendants breached this implied contract by terminating Plaintiff without cause and in bad faith.
40. As a direct and proximate result, Plaintiff suffered lost wages, emotional distress, and other damages.

COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ("IIED")

41. Plaintiff incorporates paragraphs 1–17.
42. Defendants engaged in extreme and outrageous conduct, including deliberate harassment, denial of accommodations, and wrongful termination.
43. Defendants acted with intent or reckless disregard of the probability of causing Plaintiff severe emotional distress.
44. Plaintiff suffered severe emotional distress, including exacerbation of PTSD, anxiety, and depression.
45. As a direct and proximate result, Plaintiff suffered emotional distress and other damages.

COUNT VII – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS ("NIED")

46. Plaintiff incorporates paragraphs 1–17.

47. Defendants owed Plaintiff a duty to avoid negligently inflicting emotional distress by providing a safe and non-discriminatory workplace.
48. Defendants breached that duty by denying accommodations, creating a hostile environment, and wrongfully terminating Plaintiff.
49. Plaintiff suffered severe emotional distress as a direct and proximate result.
50. As a result, Plaintiff suffered emotional distress and other damages.

COUNT VIII – NEGLIGENCE (FAILURE TO ACCOMMODATE)

51. Plaintiff incorporates paragraphs 1–17.
52. Defendants owed Plaintiff a duty under common law and statute (ADA, MHRA) to accommodate her known disabilities. Defendants owed Plaintiff a duty under common law and statute (ADA, MHRA) to accommodate her known disabilities. Engebretson v. Northern Tool and Equipment Company, Inc., Case No. A24-2027 (Minn. 2025).
53. Defendants breached that duty by denying reasonable accommodations and imposing detrimental working conditions.
54. Plaintiff suffered physical and emotional harm, lost income, and other damages as a direct and proximate result.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and grant the following relief:

A. Back pay, front pay, and lost benefits in an amount to be determined at trial;
B. Compensatory damages for emotional distress, pain and suffering, and other non-economic losses;
C. Punitive damages for Defendants' malicious, reckless, or oppressive conduct;
D. Reinstatement or, alternatively, front pay in lieu of reinstatement;
E. Declaratory and injunctive relief preventing Defendants from future discrimination and retaliation;
F. Pre- and post-judgment interest;
G. Such other and further relief as the Court deems just and equitable.

Respectfully submitted,



1711 Main Street NW

651-503-5433

███████@hotmail.com

Plaintiff Pro se

Filed in District Court | State of Minnesota | 11/20/2025

State of Minnesota
Ramsey County

District Court
Second Judicial District
Court File Number: 62-CV-25-5727
Case Type: Employment

## Notice of Case Filing and Assignment

File Copy

Jane Doe vs WELLS FARGO & COMPANY

Date Case Filed: **July 13, 2025**

Court file number **62-CV-25-5727** has been assigned to this matter. All future correspondence must include this file number, the attorney identification number, and must otherwise conform to format requirements or they WILL BE RETURNED. Correspondence and communication on this matter should be directed to the following court address:

> **Ramsey Court Administration**
> **15 West Kellogg Boulevard Room 170**
> **St Paul MN 55102**

Assigned to: **Judge Mark R. Ireland**

If ADR applies, a list of neutrals is available at www.mncourts.gov (go to Alternative Dispute Resolution) or at any court facility. Please direct all scheduling inquiries on this matter to Assignment at 651-266-9271.

Dated: November 20, 2025

cc: WELLS FARGO & COMPANY; Jane Doe

IN THE DISTRICT COURT

RAMSEY COUNTY, STATE OF MINNESOTA

███████████

    Plaintiff,

v.

WELLS FARGO BANK, N.A., and

WELLS FARGO & COMPANY,

    Defendants.

Court File No.: _____

Hon. _____

MOTION TO PROCEED UNDER PSEUDONYM ("JANE DOE")

AND TO FILE REDACTED PUBLIC FILINGS

---

Plaintiff ███████ ("Plaintiff") Prose, respectfully moves under Minnesota General Rules of Practice 11.03, 11.04, and 14.06 for leave to proceed under the pseudonym "Jane Doe" and to file public versions of pleadings and exhibits with appropriate redactions. In support, Plaintiff states as follows:

### 1. INTRODUCTION

Plaintiff alleges disability and age discrimination, retaliation, and wrongful termination by her employer, Wells Fargo. Public disclosure of her identity would expose Plaintiff's mental health diagnoses (PTSD, ADHD, anxiety, depression, autism spectrum disorder, sleep apnea) and her detailed employment and medical records—information that could reasonably harm her future employment prospects.

### 2. LEGAL STANDARD

a. Rule 11.03 requires non-public documents to be filed with a Form 11.2 Cover Sheet for Non-Public Documents and redacted public counterparts.

b. Rule 11.04 permits filing documents as "confidential" when authorized by statute, rule, or court order.

c. Rule 14.06 requires e-filing users to designate documents as confidential or sealed and to seek advance approval for filings not already non-public.

d. Courts may permit pseudonymous filings where a party's privacy interest outweighs the public's right of access. See Doe 1 v. Heartland Ivy Partners LLC, No. 25-CV-1 (D. Minn. Jan. 3, 2025); Cajune v. Indep. Sch. Dist. 194, 155 F.3d 802 (8th Cir. 1998). The balancing test considers:

   (1) degree and likelihood of harm to the party if identified;

   (2) reasonableness of fear;

   (3) vulnerability of the party;

   (4) prejudice to the opposing party;

   (5) public's interest in open proceedings.

3. APPLICATION

a. Harm & Reasonable Fear: Disclosure of Plaintiff's mental-health accommodations and workplace disability claims will stigmatize her, impede hiring by future employers, and risk mischaracterization of Plaintiff as "difficult" or "unstable."

b. Vulnerability: Plaintiff's disabilities increase her reliance on confidentiality to mitigate discrimination in the job market.

c. Prejudice to Defendants: Defendants face no meaningful prejudice; they have full knowledge of Plaintiff's identity and claims.

d. Public Interest: The public interest in open proceedings is satisfied by redacted filings. Detailed medical and personal records need not be publicly available to ensure a fair trial.

4. REQUEST

Plaintiff requests leave to:

a. Proceed as "Jane Doe" in all public filings and on the docket.

b. File unredacted documents under seal or confidential designation via Form 11.2 Cover Sheet for Non-Public Documents (Minn. Gen. R. Prac. 11.03), and public redacted versions in compliance with Rules 11.04 and 14.06.

5. CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court grant this motion, allow her to proceed under the pseudonym "Jane Doe," and enter the Proposed Order below.

Nelson, Laura (Judge)
Nov 20, 2025 1:00 PM

*Laura E. Nelson*

_____

The Honorable _____

District Court Judge

_____

FORM 11.2 COVER SHEET FOR NON-PUBLIC DOCUMENTS

CASE TITLE: ███ v. Wells Fargo

COURT FILE NO.: _____

DOCUMENT TITLE: [e.g., Exhibit A to Complaint – Medical Records]

DOCUMENT TYPE: ☐ Confidential ☐ Sealed

REASON FOR NON-PUBLIC FILING: Contains sensitive personal and medical information protected by court order under Minn. Gen. R. Prac. 11.04 and 14.06.

Filed by: _____

Date: _____